IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| QUENTIN WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 13-2501-STA-dkv |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Quentin Wright ("Wright"), Bureau of Prisons register number 20114-076, an inmate at FCC Medium in Yazoo City, Mississippi (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Wright's § 2255 Motion is **DENIED**.

## BACKGROUND

**I.    Criminal Case Number 05-20021-2**

On January 27, 2005, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Wright and two other men, charging Wright with six counts of aiding and abetting a robbery affecting interstate commerce in violation of 18 U.S.C. § 1951, and six counts of knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Indictment, *United States v. Quentin Wright*,

1

2:05-cr-20021-2-STA (W.D. Tenn.), ECF No. 1.) Wright initially entered a plea of not guilty. Thereafter, pursuant to an agreement with the United States, Wright changed his plea to guilty as to four of the robbery counts and one of the firearm counts at a change of plea hearing on April 12, 2007. On September 20, 2007, the Court sentenced Wright to a term of imprisonment of 96 months on the robbery offenses and 84 months on the firearms offense, to be served consecutively for a total term of incarceration of 180 months. The Court also sentenced Wright to three years' supervised release and imposed a special assessment of $500. (*See* Judgment, ECF No. 113.) Wright did not take a direct appeal.

      B.      **Civil Case Number 13-2501**

On July 5, 2013, Wright filed his *pro se* § 2255 Motion, challenging his sentence in light of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In his § 2255 Motion, Wright argues that his sentence violated the Sixth Amendment because the Court improperly enhanced his sentence based solely on court-found facts. Wright filed his § 2255 Motion using a form application and then amended his Motion on November 13, 2013, to add a memorandum of law. On January 8, 2014, the Court entered an order directing the United States to respond to Wright's Motion (ECF No. 3.) and subsequently granted the government an extension of time to prepare its response. The government filed its response to Wright's Motion on February 28, 2014. (Answer, ECF No. 6.) The certificate of service reflects that a copy of the government's response was mailed to Wright at his address of record. (*Id*. at 5.)

In its response, the government argues that *Alleyne* does not apply retroactively. The rule announced in *Alleyne* is a rule of criminal procedure and not a new substantive right. As such, *Alleyne* does not support Wright's § 2255 Motion. For the same reasons, the § 2255 Motion is

time-barred. The one-year statute of limitations commenced on the date the judgment against Wright became final. Wright did not pursue a direct appeal of the judgment, and so Wright filed his § 2255 Motion more than four years after the one-year statute of limitations had run. For these reasons, the Court should hold that the Motion is untimely.

## STANDARD OF REVIEW

Wright seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide

---

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

[10] Rule 5(d), Section 2255 Rules.

additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## ANALYSIS

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

In this case, § 2255(f)(1) applies, and the statute of limitations for Wright's collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15] The Court entered judgment on September 24, 2007, and Wright did not take a direct appeal. Federal Rule of Appellate Procedure 4(b) governs the time for appealing a judgment in a criminal case and

---

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

grants a defendant 14 days from the entry of judgment in which to file a notice of appeal.[16] The Court's judgment against Wright became final 14 days later on or about October 8, 2007. Assuming then that the one-year statute of limitations began to run from that date, Wright's § 2255 Motion is untimely. Wright filed his Motion on July 5, 2013, more than four years after the statute of limitations had expired.

Moreover, the statute of limitations under § 2255(f)(3) does not save Wright's untimely petition. Under that paragraph, the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and* made retroactively applicable to cases on collateral review."[17] Wright's § 2255 Motion is based on his reading of *Alleyne v. United States*. This argument lacks merit because *Alleyne* was not made retroactively applicable to cases on collateral review. The Sixth Circuit has held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[18] With specific reference to *Alleyne*, the Sixth Circuit has stated

> Even assuming that *Alleyne* announced a new rule, we cannot identify any Supreme Court decision that makes *Alleyne*'s ruling retroactively applicable to cases on collateral review, nor does any language in *Alleyne* suggest that the Supreme Court was making the new rule it announced retroactively applicable to

---

[16] Fed. R. App. P. 4(b)(1)(A)(i). The Court entered judgment in Defendant's criminal case in September 2007. The version of Federal Rule of Appellate Procedure 4(b) in effect at that time gave a defendant 10 days from the entry of judgment in which to file a notice of appeal. In either case, Defendant's § 2255 Motion was filed far outside of the one-year statute of limitations.

[17] 28 U.S.C. § 2255(f)(3) (emphasis added).

[18] *In re Mazzio*, 756 F.3d 487, 489 (6th Cir. 2014) (quoting *Tyler v. Cain,* 533 U.S. 656, 663 (2001)).

cases on collateral review. Therefore, any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.[19]

Therefore, the Court holds that Wright's Motion is time-barred, and Wright has not shown how equitable tolling of the one-year statute of limitations for his § 2255 Motion is warranted.[20]

Having concluded that Wright's Motion is time-barred and otherwise without merit, the § 2255 Motion is **DISMISSED**.

## IV. Appeal Issues

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[21] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[22] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[19] *Id.* at 489-90.

[20] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) ("[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.") (internal quotation marks omitted).

[21] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[22] 28 U.S.C. §§ 2253(c)(2) & (3).

encouragement to proceed further."[23] A COA does not require a showing that the appeal will succeed.[24] Courts should not issue a COA as a matter of course.[25]

In this case, for the reasons previously stated, the issue raised by Wright lacks merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[26] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[27] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[28] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[29]

---

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[24] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[25] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[26] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[27] *Id.* at 952.

[28] *See* Fed. R. App. P. 24(a)(1).

[29] *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[30]

### CONCLUSION

Wright's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed outside of the statute of limitations for such motions. Wright has not shown why he is entitled to any relief. Therefore, Wright's § 2255 Motion is **DISMISSED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 28, 2016.

---

[30] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.